**Ruben L. Iñiguez**
**Assistant Federal Public Defender**
Email: ruben_iniguez@fd.org
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
Tel:    **(503) 326-2123**
Fax:   **(503) 326-5524**

**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>            **Plaintiff,**<br><br>      v.<br><br>**NICKOLAS K. PARSONS,**<br><br>            **Defendant.** | Case No. 3:20-cr-00184-BR<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF UNOPPOSED MOTION TO CONTINUE TRIAL DATE** |

I, Ruben L. Iñiguez, being duly sworn, hereby depose and say:

1.     I represent the defendant, Nickolas K. Parsons.

2.     On June 9, 2020, the government filed an Indictment charging Mr. Parsons with two counts, namely, transportation and possession of child pornography.  ECF 1.  He appeared for arraignment by telephone pursuant to a summons on June 26, and entered pleas of not guilty. ECF 8.  The Court reappointed me as counsel, scheduled a jury trial for August 25, and entered an order releasing Mr. Parsons on conditions pending trial.  ECF 9.

**Page 1**.     DECLARATION  OF  COUNSEL  IN  SUPPORT  OF  UNOPPOSED  MOTION  TO  CONTINUE TRIAL DATE

3.  The government has informally produced preliminary discovery. The parties continue to meet and confer regarding the terms of a protective order to govern the formal production of discovery. To date, however, Mr. Parsons has not had an opportunity to review any discovery.

4.  A continuance of the current trial date for at least 90 days (*i.e.*, until November 24, 2020) is necessary to afford the parties additional time to finalize an agreement concerning the terms of a protective order. The government also needs more time to complete its formal production of discovery.

5.  A continuance is required to provide the defense an adequate opportunity to complete its review of discovery, to travel between Portland and Pendleton to meet with Mr. Parsons to review and discuss discovery, to conduct independent investigation, including document retrieval and witness interviews, to consult with and retain expert witnesses, to engage in plea negotiations with the government, and to prepare, if necessary, for trial.

6.  I also need additional time to conduct legal research into possible defenses and to research and file appropriate motions.

7.  Denial of a continuance would deny the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(A).

8.  I have discussed Mr. Parsons' motion for a continuance of the current trial date with Assistant U.S. Attorney Natalie Wight. She indicates that the government does not oppose his request.

9.      I personally have spoken with Mr. Parsons, explained the bases supporting his request for a continuance, and the rights he has under the Speedy Trial Act (18 U.S.C. § 3161(h)(7)(A)).  Mr. Parsons knowingly and voluntarily waives his rights under the Speedy Trial Act.  He respectfully requests that the Court enter an Order continuing the current trial date for at least 90 days (*i.e.*, until November 24, 2020).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated this 11th day of August 2020.

*s/ Ruben L. Iñiguez*
Ruben L. Iñiguez
Attorney for Defendant
