**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*



**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**NATALIE K. WIGHT**
Assistant U.S. Attorney
Natalie.Wight@usdoj.gov
(503) 727-1114
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Asphaug, United States Attorney

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 15, 2022

Renée Manes
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

> Re:    *United States v. Nickolas K. Parsons,* Case No. 3:20-CR-00184-BR
>        Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Counts One and Two of the Indictment. Count One charges the crime of transportation of child pornography in violation of Title 18 United States Code, Section 2252A(a)(1) and (b)(1). Count Two charges the crime of possession of child pornography, in violation of Title 18 United States Code, Section 2252A(a)(5)(B) and (b)(2).

3.    **Penalties**: Count One carries a maximum sentence of 20 years of imprisonment, a mandatory minimum term of five years of imprisonment, a $250,000 fine, a term of supervised release from five years to life, and a $100 statutory fee assessment. Count Two carries a maximum sentence of 10 years of imprisonment, a $250,000 fine, a term of supervised release from five years to life, and a $100 statutory fee assessment. A defendant may be required to pay mandatory restitution to any victim of his offense pursuant to 18 U.S.C. § 2259. Defendant will also be required to register as a sex offender. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Re: Parsons Plea Agreement Letter
Page 2

4.    **Sex Offender Registration:**  Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student.  Defendant understands that he must update his registration not later than three business days following any change in name, residence, employment, or student status.  Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5.    **Dismissal/No Prosecution**:  There are no additional counts against defendant.  The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.    **Relevant Conduct**: Defendant understands the **parties can only estimate his criminal history category is a category II.**  The parties agree that defendant's relevant conduct, as defined in USSG § 1B1.3, includes all the unlawful conduct alleged in each count of the Indictment.  For sentencing purposes, the parties agree the following guideline calculations apply in this case:

> Base offense level [U.S.S.G. § 2G2.2(a)(2)]...............................................................22
> Use of computer [U.S.S.G. § 2G2.2(b)(6)]...............................................................+2
> Material involving a prepubescent minor [U.S.S.G. § 2G2.2(b)(2)].......................+2
> Distribution, unspecified [U.S.S.G. § 2G2.2(b)(3)(F)].........................................+2
> Material involving infants and sadistic/masochistic conduct [U.S.S.G. § 2G2.2(b)(4)]...+4
> More than 600 images [U.S.S.G. § 2G2.2(b)(7)(D)].............................................+5
> Acceptance of Responsibility [U.S.S.G. § 3E1.1] ...............................................-3
> 18 U.S.C. § 3553(a)...............................................................................-6
> **ADJUSTED Offense Level.......................................................................28**

9.    **Joint Sentencing Recommendation**:  The parties agree that there are facts and circumstances present in this case that warrant a sentence below the otherwise applicable guideline range.  The parties agree to a 6-level variance pursuant to 18 U.S.C. § 3553 and a below-guidelines sentence of 90 months with a 10-year term of supervised release to follow.

Re: Parsons Plea Agreement Letter
Page 3

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court, as limited by the plea agreement joint sentencing recommendation.

Defendant agrees, that should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

10.    **Elements and Facts**:  Defendant admits and understands the government has sufficient evidence to prove the elements of the offenses alleged in Counts One and Two of the Indictment beyond a reasonable doubt.  The elements of the offense alleged in Count One, transportation of child pornography, are as follows:

First, on or about November 26, 2019, in the District of Oregon, defendant knowingly transported child pornography by any means in interstate or foreign commerce, including by computer; and

Second, defendant knew the material he transported contained child pornography.

Defendant understands the elements of the offense alleged in Count Two, possession of child pornography, are as follows:

First, on or about March 19, 2020, in the District of Oregon, defendant knowingly possessed material that contained child pornography;

Second, defendant knew the material he possessed contained child pornography; and

Third, the material had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

Re: Parsons Plea Agreement Letter
Page 4

Defendant agrees that if the case were to go to trial the government could prove the following facts:

> That on or about November 26, 2019, law enforcement acting undercover on the Twitter messaging application came across defendant's account "@BaterKuro," Defendant sent the undercover officer two links to a cloud storage account containing numerous images of child pornography. After tracing the "@BaterKuro" account to defendant's IP Address and residence in The Dalles, Oregon, law enforcement executed a search warrant at the residence on or about March 19, 2020. During the search the officers located a digital device used to share child pornography and defendant agreed to voluntarily give officers access to a cloud storage account that included over 600 images and videos of child pornography. Defendant admitted to officers that he had traded and possessed child pornography using his phone.

11.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.    **Court Bound by Plea Agreement**: This plea agreement is entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Accordingly, the Court must follow the joint sentencing recommendation of the parties or allow defendant to withdraw his guilty plea and allow the government to rescind its promises under this agreement.

13.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise

Re: Parsons Plea Agreement Letter
Page 5

a breach claim in district court, defendant has waived any such claim and is precluded from
raising a breach claim for the first time on appeal.

15.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any
interest or over which defendant exercises control, directly or indirectly, including those held by
a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial
Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature
on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of
perjury, and provide it to both the USAO and the United States Probation Office. Defendant
agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C.
§ 3664(k), within seven days of the event giving rise to the changed circumstances.

        Defendant expressly authorizes the USAO to obtain a credit report on defendant.
Defendant agrees to provide waivers, consents, or releases requested by the USAO to access
records to verify the financial information. Defendant also authorizes the USAO to inspect and
copy all financial documents and information held by the U.S. Probation Office.

        The parties agree that defendant's failure to timely and accurately complete and sign the
Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or
remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

        Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant
transfers any interest in property with a value exceeding $1000 owned directly or indirectly,
individually or jointly, by defendant, including any interest held or owned under any name,
including trusts, partnerships, and corporations.

        The Court shall order restitution to each victim in the full amount of each victim's losses
as determined by the Court. Defendant understands and agrees that the total amount of any
monetary judgment that the Court orders defendant to pay will be due and payable. Defendant
further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced
to any sentence which might have originally been imposed if the court determines that defendant
has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make
sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and
agrees that the government may enforce collection of any fine or restitution imposed in this case
pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently
modified payment schedule set by the court. Defendant understands that any monetary debt
defendant owes related to this matter may be included in the Treasury Offset Program to
potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

        Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine
or restitution order is paid in full, defendant must notify the USAO of any change in the mailing
address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. §
3664(k), defendant shall notify the Court and the USAO immediately of any material change in
defendant's economic circumstances that might affect defendant's ability to pay restitution,

Re: Parsons Plea Agreement Letter
Page 6

including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.   **Forfeiture Terms**:

    A.   **Assets and Authority**:  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2253, including without limitation, **one black iPhone XR.**  Defendant admits the listed items were used to commit defendant's criminal activity in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1) and 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) as set forth in Counts One and Two of the Indictment.

    B.   **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

    C.   **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

    D.   **Title Assistance**:  Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

    E.   **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

    F.   **Final Order of Forfeiture**:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

17.   **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by

Re: Parsons Plea Agreement Letter
Page 7

all parties listed below or confirmed on the record before the Court. If defendant accepts this
offer, please sign and attach the original of this letter to the Petition to Enter Plea. **This plea
offer expires, if not accepted, by February 21, 2022, at 5:00 p.m.**

Sincerely,

SCOTT ERIK ASPHAUG
United States Attorney

NATALIE K. WIGHT
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand
and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this
agreement. I wish to plead guilty because, in fact, I am guilty.

2/22/2022
Date

_____
NICKOLAS K. PARSONS, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this
agreement with defendant. To my knowledge, defendant's decisions to make this agreement and
to plead guilty are informed and voluntary ones.

2/22/2022
Date

_____
RENÉE MANES, Attorney for Defendant